United States District Court
Southern District of Texas
**ENTERED**
August 21, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX AUGUSTO AUZ, SR and ROCIO DEL CARMEN AUZ, <br> Debtors, <br><br> vs. <br><br> OVATION SERVICES LLC, <br> Appellant. | § § § § § § § § § § § | CIVIL ACTION NO <br> 4:23-cv-00325 <br><br><br> JUDGE CHARLES ESKRIDGE |

**OPINION AND ORDER**

The United States Bankruptcy Court denied in part an unopposed application by Appellant Ovation Services LLC under 11 USC §506(b) for the reimbursement of fees and expenses, finding portions of the requested fees to be unreasonable. Ovation appeals from that order. Dkt 3.

A district court functions as an appellate court when reviewing the decision of a bankruptcy court as to a core proceeding, thus applying the same standard of review as would a federal appellate court. See *In re Webb*, 954 F2d 1102, 1103–04 (5th Cir 1992). The bankruptcy court's legal conclusions are thus reviewed *de novo*, and its findings of fact are reviewed for clear error. *In re Cahill*, 428 F3d at 539, citing *Coho Energy*, 395 F3d at 204; *Barron*, 325 F3d at 692. The bankruptcy court's award of attorney fees is itself reviewed for abuse of discretion. *In re Cahill*, 428 F3d 536, 539 (5th Cir 2005), citing *In re Coho Energy, Inc*, 395 F3d 198, 204 (5th Cir 2004); *In re Barron*, 325 F3d 690, 692 (5th Cir 2003). "An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard or follows improper procedures in calculating the fee award, or (2) rests its decision on findings of fact that are clearly

erroneous." *In re Cahill*, 428 F3d at 539, citing *In re Evangeline Refining Co*, 890 F2d 1312, 1325 (5th Cir 1989).

This isn't the first time that Ovation Services has appealed a denial by the Bankruptcy Court of an unopposed application for attorney fees. Dkt 2-1 at 25–27 (June 2022, vacating and remanding for further consideration due to factual error). Upon the noted remand, the Bankruptcy Court granted Ovation those previously requested attorney fees in full. Id at 28.

In December 2022, Ovation Services filed another application for attorney fees incurred in the presentation and appeal of that original fee application. Id at 29–37. It requested a further $7,324.56 in attorney fees and $672.06 in expenses.

The motion was again unopposed. The Bankruptcy Court issued a ruling that approved in part and denied in part the new, further fee application. Id at 57–59. Specifically, it adjusted the bill by $1,012.50, finding that it couldn't determine how much time was spent on individual tasks due to counsel to Ovation Services "lumping services." Ibid. It also disallowed fees "on account of clerical work" in the amount of $562.50. In total, it granted Ovation services $5,077.50 in attorney fees and $672.06 in expenses, which was $1,575 less than requested. Ibid.

The issue as presented by Ovation Services is whether that decision was "improper." Dkt 3 at 8. It was not.

"By the terms of §506(b), an oversecured creditor may recover, on a secured basis, 'fees, costs, or charges provided for under the agreement . . . under which such claim arose,' . . . but only to the extent that the fees, costs, or charges are reasonable." *In re 804 Congress, LLC*, 756 F3d 368, 373 (5th Cir 2014). The Fifth Circuit has emphasized that fee requests "must be reasonable." Ibid at 376.

The Bankruptcy Court found that the claim for attorney fees was an allowed secured claim, that Ovation was oversecured, and that fees were provided for in its

2

agreement with the Debtors. Dkt 2-1 at 57–59. Even so, it found that the fees weren't entirely reasonable.

Appellant's briefing doesn't provide legal or factual arguments as to why the fees it requested were reasonable, or how the Bankruptcy Court erred in its denial. It simply argues that the ruling was "improper," since it happened without proceeding on a scheduled hearing and no party objected to the application. See Dkts 3 & 5. But nothing links the facts about the application timeline to any legal contention, nor does it present any sort of due process argument. Ibid.

More pertinent, also missing from Appellant's briefing is any argument that the specific findings in the decision— that the submitted records included time entries with lumped services and ministerial tasks that couldn't be compensated as legal services—were factually incorrect. See Dkt 2-1 at 57–59. On the other hand, review of the decision indicates meticulous decision-making by the Bankruptcy Court. Id at 58. No clear error appears as to any factual finding made in this regard by the Bankruptcy Court.

Reviewed *de novo* is the decision by the Bankruptcy Court that identified as "ministerial" the billed activities of (i) calling the district court case manager, (ii) assembling and mailing binders for hearings, and (iii) preparing notice of hearings. Dkt 22-1 at 58. Several courts have recognized that notifying clients of dates, copying and printing documents, and communicating with court staff are "ministerial" and non-compensable. See *Carroll v Sanderson Farms, Inc*, 2014 WL 549380, *17–18 (SD Tex), quoting *Au v Funding Group, Inc*, 933 FSupp2d 1264, 1276 (DHaw 2013); see also *Xinyang Hualong Minerals Co, Ltd v Delgado*, 2017 WL 3236113, *5 (SD Tex); *Montano v Orange County, Texas*, 2015 WL 11110631, *4 (ED Tex); *CHU de Quebec-Universite Laval v DreamScape Development Group Holdings*, Inc, 2023 WL 2746933, *9 (ED Tex); *Watkins v Fordice*, 7 F3d 453, 459 (5th Cir 1993). The legal conclusion by the Bankruptcy Court that certain time entries constituted "ministerial activities" is correct.

To the extent Appellant references the cancellation of a hearing on the motion, no argument or authorities is cited as to any denial of due process. Dkt 3 at 8–9. Plainly, this was a simple and straightforward underlying motion that could appropriately be decided on the papers. It certainly wasn't "manifest error" within the ambit of the single, cited case. Id at 9, citing *United States v Sutton*, 786 F2d 1305, 1308 (5th Cir 1986) (dealing with bankruptcy court's power to provide equitable relief in form of spouse and child support, rather than straightforward application for attorney fees).

The additional motion by Appellant "for entry of order of reversal" has been reviewed. Dkt 5. It is determined to be redundant to its appellate brief. Dkt 3. To the extent any new argument was intended there, the motion is DENIED.

The order of the Bankruptcy Court with respect to the reimbursement of further fees and expenses is AFFIRMED.

SO ORDERED.

Signed on August 21, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge